UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARRIE BEETS, et al.,<br>Plaintiffs,<br>v.<br>T-MOBILE US, INC.,<br>Defendant. | Case No. 2:25-cv-00335<br><br>PETITION TO COMPEL ARBITRATION |

Plaintiff Carrie Beets, brings this action in her individual capacity and on behalf of others listed on Exhibit 1 (collectively "Plaintiffs") to compel T-Mobile to arbitrate under Section 4 of the Federal Arbitration Act (the "FAA") and for her cause of action states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs are citizens of states other than Washington while Defendant T-Mobile US, Inc. is a Delaware corporation with its principal place of business in Bellevue, Washington.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

events giving rise to this action occurred in this District, and Defendant T-Mobile maintains its headquarters in Bellevue, Washington.

## II. INTRODUCTION

3. Plaintiffs bring this action to hold Defendant T-Mobile accountable for its non-payment of arbitration fees and its unilateral amendment of arbitration terms in an act of evident bad faith. As set forth in the Declaration of Evan Murphy ("Murphy Decl."), filed herewith, a detailed chronology captures the sequence of events that delineate the breakdown in procedural compliance by T-Mobile, resulting in the necessity of this litigation.

4. On November 28, 2022, the Plaintiffs commenced the contractual dispute resolution process by submitting their claims to T-Mobile through its registered agent, triggering a 60-day informal dispute resolution window as per T-Mobile's own arbitration agreement (Murphy Decl. at ¶ 2, Exhibit 2-3). This same day marked the onset of the 60-day period set by T-Mobile to resolve disputes informally, a period that concluded without any substantial engagement from T-Mobile to address or resolve the disputes raised (Murphy Decl. at ¶ 3, Exhibit 3).

5. A preliminary review by the American Arbitration Association (the "AAA"), was initiated by Plaintiffs' submission of documents and spreadsheets to the AAA on December 2, 2022. The AAA's review process extended beyond two months as well as past T-Mobile's self-imposed 60-day dispute resolution period, before the AAA accepted the claims for filing on February 9, 2023 (Murphy Decl. at ¶ 13, Exhibits 8-9).

6. Notably, communication efforts from T-Mobile during this period were minimal and unproductive. Despite Plaintiffs' counsel's attempts to facilitate engagement, including an offer to introduce T-Mobile's counsel to the AAA, T-Mobile's counsel declined involvement, leaving significant procedural matters unaddressed (Murphy Decl. at ¶¶ 7-8).

7. The lack of action from T-Mobile continued past the termination of the dispute resolution window on January 27, 2023. No attempts were made by T-Mobile to resolve the



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

disputes.

8. The culmination of these procedural failures was T-Mobile's refusal to pay the arbitration invoice issued by the AAA on February 9, 2023, despite the AAA's confirmation that the Plaintiffs' submissions met the filing requirements. This refusal represents a default on T-Mobile's obligation to arbitrate, compounded by a baseless accusation of ex parte communications by T-Mobile's counsel in a subsequent letter to the AAA (Murphy Decl. at ¶s 13-15, Exhibits 8-10).

9. T-Mobile's failure to pay the AAA invoice was not simply the result of an oversight or negligence on the part of T-Mobile or its counsel. Rather, following its failure to pay the initial invoice for 5,041 arbitrations, on May 15, 2023, T-Mobile amended its terms of service to require its customers to pay an initial and onerous arbitration fee (which reflects an amount greater than many customers' actual damages). T-Mobile's unilateral amendment of its arbitration agreement, in a clear demonstration of bad faith, attempts not just to shift the financial burden of arbitration onto claimants, contradicting the previously agreed-upon terms (Murphy Decl. at ¶ 18, Exhibit 12), but also to disincentivize its customers from bringing claims in the first place. Given the sophistication of its counsel, it is clear that the purpose of T-Mobile's failure to participate in the arbitration process that they mandated was to delay the arbitrations long enough to enable T-Mobile to change their arbitration agreement to require Claimants to pay the filing fees that T-Mobile is required to pay under the agreement in place when the claims were filed.

10. T-Mobile's alteration of its terms of service *after* the arbitrations had been filed and subsequently closed by the AAA, represents an abuse of the arbitration process and should not be tolerated. As a result, under § 4 of the FAA, Plaintiffs request this Court to enforce the iteration of T-Mobile's arbitration agreement in effect when the claims were filed (Exhibit 3) and, pursuant to its terms, require T-Mobile to pay the filings fees and other administrative fees as required by their arbitration agreement.



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

## III. RELEVANT CHRONOLOGY

11. A brief chronology of the events leading up to this lawsuit is listed below:

**November 28, 2022** – Plaintiffs submitted their claims, including additional non-party claims, to T-Mobile via their registered agent. Per T-Mobile's arbitration agreement, the submission of disputes to T-Mobile began a self-imposed 60-day window, or until January 27, 2023, for T-Mobile and Plaintiffs to attempt to informally resolve their disputes. *See* Murphy Decl. at ¶ 2, Exhibit 2.

**November 28, 2022** – Submission of the claims to T-Mobile began T-Mobile's 60-day self-imposed dispute resolution window which concludes on January 27, 2023. *See* Murphy Decl. at ¶ 3, Exhibit 3 – T-Mobile's arbitration agreement.

**December 2, 2022** – Plaintiffs submitted their claims, including additional non-party claims, to the AAA to enable the AAA to begin its review to determine if the claims meet the filing requirements. This pre-formal claims filing submission does not mean the claims are filed or that any arbitration has been commenced; rather it is simply to facilitate a preliminary review by the AAA to determine whether a submission meets the AAA's filing requirements. This review process by AAA can take weeks or months. In this case, the process took over two months. It is not until all filing requirements have been met that a submission is deemed filed. *See* Murphy Decl. at ¶ 4.

**December 20, 2022** – The AAA noted a filing deficiency and set a deadline of January 9, 2023 to resubmit spreadsheets for additional review. *See* Murphy Decl. at ¶ 5, Exhibit 4.

**December 23, 2022 –** Plaintiffs resubmitted their claims to the AAA for review to determine if they comport with the AAA's filing requirements. *See* Murphy Decl. at ¶ 6.



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

**January 4, 2023** – T-Mobile's lawyer, Brian Buckley, contacted Plaintiffs' counsel via email to introduce himself. *See* Murphy Decl. at ¶ 7, Exhibit 5.

**January 9, 2023 –** In an introduction telephone call, Plaintiff's counsel asks T-Mobile's counsel if he would like Plaintiff's counsel to introduce T-Mobile's counsel to the AAA. T-Mobile's counsel declined and said he would do it at a later date. *See* Murphy Decl. at ¶ 8.

**January 20, 2023** – The AAA noted a filing deficiency in the second submission and give Plaintiffs until February 3, 2023 to correct the deficiency. *See* Murphy Decl. at ¶ 9, Exhibit 6.

**January 23, 2023** – The AAA is made aware that Mr. Buckley is representing T-Mobile and should be included on future communications – 3 days before the expiration of T-Mobile's 60-day self-imposed dispute resolution period. *See* Murphy Decl. at ¶ 10, Exhibit 7.

**January 27, 2023** – T-Mobile's self-imposed 60-day informal dispute resolution window terminates. T-Mobile never made any attempt to resolve any of the disputes nor was there ever any communication by T-Mobile about attempting to resolve any of the disputes within their self-imposed window. *See* Murphy Decl. at ¶ 11.

**January 31, 2023** – Plaintiffs resubmit filing spreadsheets to address the AAA's filing concerns. *See* Murphy Decl. at ¶ 12.

**February 9, 2023 –** After over two months and two resubmissions of filing spreadsheets, the AAA deemed 5,041 arbitration submissions met the AAA's filing requirements and only then invoiced T-Mobile for the cases that met the AAA's filing requirement and, via a letter, provided a deadline of March 13, 2023 for T-Mobile to pay the invoice for the California Plaintiffs pursuant to California Code of Civil Procedure 1281.97. *See* Murphy Decl. at ¶ 13, Exhibits 8 and 9.



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

**February 13, 2023** – After the invoice issued, Mr. Buckley sent a letter to the AAA. Incredibly, in Mr. Buckley's letter to the AAA of February 13, Mr. Buckley accuses Murphy and the AAA of ***ex parte communications***, even though the record clearly demonstrates that Mr. Buckley chose not to participate in any communications with the AAA for some 5 weeks and all communications with the AAA included contacts at T-Mobile and T-Mobile's counsel at Polsinelli. *See* Murphy Decl. at ¶ 15, Exhibit 10.

**February 16, 2023** – Plaintiffs submitted a response to the AAA and outlined that all of the pre-filing and filing requirements had been met and all of the cases should proceed. *See* Murphy Decl. at ¶ 16, Exhibit 11.

**March 13, 2023** – T-Mobile failed to pay their invoice to the AAA and defaulted on their obligation to arbitrate the claims. *See* Murphy Decl. at ¶ 17, Exhibit 12.

**May 15, 2023 -** In an additional showing of bad faith on the part of T-Mobile, on May 15, 2023, T-Mobile amended its arbitration agreement to provide that claimants now are responsible to pay for their filing fees if they want to arbitrate their claim. *See* Murphy Decl. at ¶ 18.

***Payment of all filing***, administration, and arbitrator ***fees will be governed by the AAA Rules. If you initiate an arbitration, you are required to pay AAA's initial filing fee*** . . . . Exhibit 13 (emphasis added).

## IV. T-MOBILE'S NONPAYMENT AND SUBSEQUENT AMENDMENT TO ITS ARBITRATION AGREEMENT.

### A. The Claims are Subject to Mandatory Arbitration.

12. Plaintiffs do not dispute that their claims are subject to mandatory arbitration. Pursuant to this obligation, each Plaintiff submitted a single breach of contract petition to T-Mobile on November 28, 2022, and to the AAA on December 2, 2022, to commence the AAA preliminary



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

review of claim eligibility for filing. See Murphy Decl. at ¶¶ 2, 4. Months later, on February 9, 2023, the AAA finally approved the claims for filing and issued an invoice to T-Mobile. See Murphy Decl. at ¶ 13, Exhibits 8 & 9 (stating that "[a]s some of these arbitrations are subject to California Code of Civil Procedure sections 1281.97, payment must be paid by March 13, 2023, or the AAA will close the parties' cases.") *Id*. The March 13, 2023 deadline came and went, and T-Mobile did not respond and did not pay the invoice. T-Mobile's failure to pay the invoice constituted a default of T-Mobile's obligation to arbitrate.

13. Under the "FAA", if a party fails to honor its obligation to participate in arbitration, the aggrieved party can seek relief in federal court. Specifically, 9 U.S.C.A. § 4 allows a party aggrieved by the failure, neglect, or refusal of another to arbitrate under a written agreement to petition any United States district court for an order directing that such arbitration proceed in the manner provided for in the agreement. (9 U.S.C.A. § 4). In this case, the AAA determined that T-Mobile failed to comply with its obligations by not paying the arbitration fees, and thus, the arbitration cannot proceed unless the Court intervenes. The Court must defer to the AAA's determination that T-Mobile's failure to pay constitutes a default of the arbitration agreement.

14. Nothing authorizes this Court to render a decision on whether T-Mobile did or did not comply with the AAA's payment deadline, and this Court should decline to do so. All that matters is that the AAA has concluded that T-Mobile failed to meet its obligation by not paying the arbitration fee. See Murphy Decl. at ¶ 17, Exhibit 12. This ends the inquiry.

15. As further support for this position, under the FAA, the Court's role is to ensure the arbitration agreement is upheld and that arbitration proceeds as agreed upon in the contract, absent any genuine dispute regarding the validity or applicability of the agreement. A district court's "role under the [FAA] is ... limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

with its terms." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir.2000).

**B. T-Mobile's Attempt to Alter its Arbitration Terms**

16. T-Mobile's attempt to now require Plaintiffs to pay the AAA's filing fees, is an unlawful attempt to deter consumer actions and avoid liability. This requirement was not present in the original arbitration agreement governing these claims but was later inserted to attempt to impose additional hurdles for claimants. Such a change is not only procedurally improper but also contravenes well-established contractual principles. Courts, including the Ninth Circuit, have rejected similar tactics as bad faith attempts to avoid liability.

17. If arbitration is to function as a fair and efficient alternative to litigation, companies like T-Mobile cannot be permitted to retroactively rewrite their agreements to disadvantage claimants. Allowing such conduct would undermine the very purpose of arbitration and incentivize corporations to impose ever-shifting requirements to deter valid claims.

18. In sum, because T-Mobile did not pay the arbitration invoice, T-Mobile is in material breach of the arbitration agreement and must be compelled by this Court to arbitrate these claims.

## V. CONCLUSION

19. As T-Mobile requires mandatory arbitration of its customers' disputes, T-Mobile had a self-imposed obligation to arbitrate the Plaintiffs' disputes. T-Mobile chose not to engage in their self-imposed dispute resolution process within their self-imposed deadline. T-Mobile also chose not to engage with the AAA until after the expiration of their self-imposed dispute resolution period, refused to arbitrate any claims, and refused to pay its invoice to the AAA. Under FAA § 4, T-Mobile must be compelled to arbitrate the Plaintiffs' breach of contract claims and to pay the AAA's filing and administrative fees pursuant to the arbitration agreement in effect when the claims were filed with the AAA.



LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

Respectfully Submitted,

**Law Office of Carl J. Marquardt PLLC**

/s/ *Carl J. Marquardt*
Carl J. Marquardt (WA Bar No. 23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel: (206) 388-4498

**Murphy Advocates LLC**

/s/ Evan Murphy
Evan Murphy, *pro hac vice to be filed*
Co. Bar No. 35563
999 18th Street, Suite 3000
Denver, CO 80203
Tel. (314) 753-5212
evan@murphyadvocates.com

**Mitts Law LLC**

/s/ Maurice Mitts
Maurice Mitts, *pro hac vice to be filed*
PA Bar No. 50297
1822 Spruce Street
Philadelphia, PA 19103
Tel. (215) 866-0110
mmitts@mittslaw.com
215-866-0110

**Winnick Law, PC**

/s/ Alexander H. Winnick
Alexander H. Winnick, *pro hac vice to be filed*
CA Bar No. 239430
2450 Colorado Ave., Suite 100E
Santa Monica, CA 90404
Tel. (424) 317-7411
aw@winlawpc.com

*Attorney for Plaintiffs*