UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARRIE BEETS,<br><br>                Plaintiff,<br>    v.<br><br>T-MOBILE USA, INC.,<br><br>                Defendant. | CASE NO. 2:25-cv-00335-TL<br><br>ORDER ON MOTION TO COMPEL ARBITRATION |

    This case concerns the arbitration of dispute between Plaintiff, a wireless customer, and Defendant T-Mobile USA, a wireless provider, over allegedly "hidden fees" in Plaintiff's monthly bills. This matter is before the Court on Plaintiff's Motion to Compel Arbitration. Dkt. No. 16. Having reviewed Plaintiff's motion, Defendant's response (Dkt. No. 23), Plaintiff's reply (Dkt. No. 27), and the relevant record, the Court DENIES Plaintiff's motion and DISMISSES this matter for lack of subject-matter jurisdiction.

### I.   BACKGROUND

    On February 21, 2025, Plaintiff Carrie Beets filed a complaint, captioned as a "petition to compel arbitration," against Defendant T-Mobile USA, Inc. Dkt. No. 1. In the complaint, Plaintiff Beets asserts that she "brings this action in her individual capacity and on behalf of others . . . ." *Id.* at 1. The "others" number in their thousands, and Plaintiff Beets lists them in an

unalphabetized 108-page attachment to the pleading. Dkt. No. 1-1. The bulk of the complaint details Plaintiff Beets's unsuccessful attempt to arbitrate a "contractual dispute" with Defendant. *Id.* ¶¶ 4–11. The complaint, however, does not provide any facts about the dispute.

On February 28, 2025, Plaintiff Beets filed the instant motion to compel arbitration. Dkt. No. 16. On March 18, 2025, Defendant responded. Dkt. No. 23. On March 27, 2025, Plaintiff Beets filed a reply. Dkt. No. 27.

## II. LEGAL STANDARD

Under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, "a district court may grant a petition to compel arbitration if, absent the parties' agreement, the court 'would have jurisdiction under title 28 . . . of the subject matter of a suit arising out of the controversy between the parties.'" *Maine Cmty. Health Options v. Albertsons Cos., Inc.*, 993 F.3d 720, 724 (9th Cir. 2021) (quoting 9 U.S.C. § 4) (Watford, J., concurring). That is to say, although the FAA is a federal statute, it does not provide a district court with freestanding federal-question subject-matter jurisdiction under 28 U.S.C. § 1331. "Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute[.] . . . [T]here must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).

Broadly speaking, a federal district court has jurisdiction over all civil actions (1) "arising under the Constitution, laws, or treaties of the United States" (i.e., "federal-question" jurisdiction), *see* 28 U.S.C. § 1331; or (2) for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant (i.e., "diversity" jurisdiction), *see id.* § 1332; *see also Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021) (noting "the two types of federal subject matter jurisdiction—diversity of citizenship and federal question"). Federal courts are

presumed to lack subject-matter jurisdiction over a case, and the burden of showing otherwise rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Court must dismiss a case if the court lacks jurisdiction over a case. Fed. R. Civ. P. 12(h). "Federal courts are courts of limited jurisdiction, having the power to hear certain cases only as the Constitution and federal law authorize." *Newtok Vill.*, 21 F.4th at 615 (9th Cir. 2021); *accord Kokkonen*, 511 U.S. at 377.

### III. DISCUSSION

In Defendant's response to Plaintiff Beets's motion, Defendant asserts that the Court lacks subject-matter jurisdiction to consider Plaintiff Beets's petition, arguing that "there is no basis for the Court to exercise jurisdiction." Dkt. No. 23 at 7. Because the Court cannot consider a case in which it lacks subject-matter jurisdiction, the Court must review this issue before any other. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists . . . .").

First, the Court examines the Complaint. Plaintiff Beets's pleading seeks only to "compel T-Mobile to arbitrate under Section 4 of the Federal Arbitration Act . . . ." Dkt. No. 1 at 1. That is, Plaintiff Beets does not request to compel arbitration as means to resolve a substantive dispute that is already before the Court—compelling arbitration is the *entire* dispute. As discussed above, however, the Court can only consider Plaintiff Beets's petition to compel arbitration if it could also properly exercise subject-matter jurisdiction over the underlying issue—that is, the "contractual dispute" alluded to in the Complaint—between Plaintiff Beets and Defendant. *See Moses H. Cone*, 460 U.S. at 25 n.32.

Plaintiff Beets does not adequately establish the Court's subject-matter jurisdiction over her dispute with T-Mobile. "The party seeking to invoke the court's subject matter jurisdiction has the burden to demonstrate that jurisdiction exists." *Cascadia Wildlands v. Scott Timber Co.*, 328 F. Supp. 3d 1119, 1127 (D. Or. 2018) (citing *Kokkonen*, 511 U.S. at 377). Here, Plaintiff Beets alleges diversity jurisdiction. *See* Dkt. No. 1 ¶ 1. Therefore, she must show that there is complete diversity between the Parties and more than $75,000 in controversy. 28 U.S.C. § 1332(a).

It is clear, however, that the amount in controversy is less than $75,000. As stated above, the Complaint vaguely characterizes the underlying issue between Plaintiff Beets and Defendant as a "contractual dispute." Dkt. No. 1 ¶ 4. The exact nature of this "contractual dispute" is described in Plaintiff Beets's Demand for Arbitration, which Defendant provided as an exhibit to its opposition to Plaintiff Beets's motion. Dkt. No. 24-3.[1] In the Demand for Arbitration, Plaintiff Beets "seeks damages up to $10,000.00." Dkt. No. 24-3 at 3. This is, of course, less than the amount-in-controversy requirement, thus depriving the Court of diversity jurisdiction under 28 U.S.C. § 1332(a).

For her part, Plaintiff Beets insists that she is not the only plaintiff in this case, and she argues that the "amount-in-controversy requirement is satisfied in this case by aggregating Plaintiffs' claims." Dkt. No. 27 at 2. Plaintiff continues, "Each individual Plaintiff's claim may be below $75,000, but when claims arise from the same set of facts and implicate the joint liability of the Defendant, they can be aggregated to meet the jurisdictional threshold." *Id.*

---

[1] The Court finds that the Complaint incorporates by reference the Demand for Arbitration, because "the document forms the basis of the [P]laintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *see Corner Computing Sols. v. Google LLC*, 750 F. Supp. 3d 1208, 1214–15 (W.D. Wash. 2024) (incorporating document into pleading where "complaint necessarily relie[d] upon [it] . . . , the document's authenticity [was] not in question, and there [were] no disputed issues as to the document's relevance" (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010))).

But the Court agrees with Defendant's assertion that "Carrie Beets is the only Plaintiff in this action." Dkt. No. 23 at 3. Federal Rule of Civil Procedure 10(a) specifies that "[t]he title of the complaint must name all the parties."[2] The caption of Plaintiff's pleading lists "Carrie Beets, et al." as Plaintiffs. Dkt. No. 1 at 1. Although Plaintiff Beets, in her introductory paragraph, purports to "bring[] this action in her individual capacity and on behalf of others"—i.e., as a class action (Dkt. No. 1 at 1)—there is nothing in the caption, other than the unexplained "et al.," that indicates that anyone other than Carrie Beets is suing Defendant. This is not sufficient to comply with Rule 10. *See Miller v. Unknown*, No. C21-9551, 2022 WL 3016192, at *3 (C.D. Cal. Feb. 22, 2022) (dismissing complaint, in part, because plaintiff's failure to "name all the parties" in the caption violated Rule 10(a)); *Bledsoe v. Palm Beach Cnty. Bd. of Cnty. Comm'rs*, No. C18-81163, 2019 WL 1438673, at *2 (S.D. Fla. Apr. 1, 2019) (same).

To the extent Plaintiff Beets is attempting to include in her suit all the individuals listed in Exhibit 1 to the pleading (Dkt. No. 1-1)[3] on an individual but aggregated basis, even if the Court considered Plaintiff's list of names to be a proper roster of individual plaintiffs (it does not), the Court cannot aggregate these purported parties' claims to satisfy the amount-in-controversy requirement.

> [A]ggregation to meet the amount-in-controversy requirement [is] permissible only "(1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest."

*Gibson v. Chrysler Corp.*, 261 F.3d 927, 943 (9th Cir. 2001) (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). The first situation is inapplicable, because Plaintiff Beets only has one claim

---

[2] While the document initiating this litigation is titled a "Petition," this is merely a matter of semantics.

[3] Exhibit 1 is a 108-page list of names.

ORDER ON MOTION TO COMPEL ARBITRATION – 5

against Defendant. As to the second, "an interest is common and undivided when 'neither [party] can enforce [the claim] in the absence of the other.'" *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (quoting *Troy Bank of Troy, Ind. v. G.A. Whitehead & Co.*, 222 U.S. 39, 41 (1911)). Here, the thousands of purported plaintiffs here are not "unit[ing] to enforce a single title or right in which they have a common and undivided interest." *Gibson*, 261 F.3d at 943. Instead, each—like Plaintiff Beets—presumably seeks to vindicate a contractual interest that derives from their respective contract with Defendant. *See* Dkt. No. 24-3 at 3, 5 (identifying contractual dispute as deriving from Plaintiff Beets's contract with Defendant). That is, Defendant does not have *one* legally binding agreement with *all* of the purported plaintiffs; it has thousands of them. Notwithstanding any purported plaintiffs who might share a wireless plan (and therefore share privity of contract) with one another, each plaintiff's interest is "held individually": Any plaintiff is capable of enforcing their claim in the absence of any other. *Urbino*, 72 F.3d at 1122 (explaining that "an interest is common and undivided when 'neither [party] can enforce [the claim] in the absence of the other'"). Plaintiff Beets cannot thus multiply the number of purported plaintiffs by $10,000 and use the resulting product to satisfy the amount-in-controversy requirement. In sum, this case concerns only one individual's claim for "up to $10,000.00," and the Court therefore cannot exercise diversity jurisdiction over it.

      Further, to the extent Plaintiff Beets is suggesting something like a class action, she fails. Beyond attaching Exhibit 1 to her Complaint, Plaintiff Beets does not even attempt to demonstrate that there is anything resembling a class action here. Local Civil Rule 23 requires that for "any case sought to be maintained as a class action," the complaint shall: (1) "bear next to its caption the legend, 'Complaint—Class Action'"; and (2) "contain under a separate heading, styled 'Class Action Allegations,'" a section that sets forth how the claim meets the requirements of a class action under Federal Rule of Civil Procedure 23. LCR 23(i). Given this substantial hole

in the pleading, this case is not a class action, and the Court will not treat it as one. *See Kertesz v. Ferguson*, No. C20-372, 2020 WL 3318295, at *2 (W.D. Wash. May 4, 2020) (noting that although "Plaintiff purport[ed] to bring her Complaint on behalf of 'others similarly situated,' . . . the Complaint [was] devoid of factual allegations to support a class action (*i.e.*, the size and definition of the alleged class; basis upon which Plaintiff's claims [were] an adequate representative of the class; the alleged questions of law and fact claimed to be common to the class)"), *report and recommendation adopted in* 2020 WL 3304481 (June 18, 2020); *see also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("[A]ctual, not presumed, conformance with Rule 23(a) [is] . . . indispensable."); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule . . . .").

Finally, the Court is concerned with Plaintiff Beets's twin assertions in her complaint that: (1) "there is complete diversity of citizenship between the parties"; and (2) "Plaintiffs are citizens of states other than Washington." Dkt. No. 1 ¶ 1. Plaintiff Beets's attorneys signed the pleading, indicating their "certifi[cation]" of the truth of those assertions. Fed. R. Civ. P. 11(b). Plaintiff's attorneys' signatures further certify that representations made in a pleading were "formed *after* an inquiry reasonable under the circumstances." *Id.* (emphasis added). As Plaintiff Beets admitted in her Notice of Voluntary Dismissal (Dkt. No. 26), however, these statements were not true. The roster of purported plaintiffs included at least one citizen of Washington, the state where Defendant maintains its principal place of business, and nine citizens of Delaware, the state where Defendant is incorporated. *Id.* at 1–2. What is more, Plaintiff Beets provided this diversity-quashing information herself—just three days after filing her complaint, and a month before dismissing the non-diverse plaintiffs—thereby indicating, as Defendant points out, that "Plaintiff's own records reflect that at least ten of the individuals may be Delaware or

ORDER ON MOTION TO COMPEL ARBITRATION – 7

Washington residents." Dkt. No. 23 at 8; *see* Dkt. Nos. 4 (Corporate and Diversity Disclosure Statement), 4-1 (list of plaintiffs and their citizenship). The Court is thus presented with two scenarios, neither of which flatters Plaintiff Beets's attorneys: Either counsel knew they had nondiverse plaintiffs and alleged that they did not; or counsel did not know that they had nondiverse clients and neglected to perform any due diligence to find out prior to attesting to the veracity of the facts in the complaint and filing it. Whichever it was, the Court cautions that Rule 11 "require[s] litigants to 'stop-and-think' before initially making legal or factual contentions." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.[4]

In short, because there is no diversity jurisdiction, the Court must dismiss the action and deny Plaintiff Beets's motion as moot. *See* Fed. R. Civ. P. 12(h)(3).

## IV. Conclusion

It is hereby ordered:

(1) This case is DISMISSED WITHOUT PREJUDICE. If Plaintiff Beets intends to file an amended complaint, she must do so no later than October 8, 2025.

(2) Plaintiff Beets's motion to compel arbitration (Dkt. No. 16) is DENIED AS MOOT.

Dated this 8th day of September 2025.

Tana Lin
United States District Judge

---

[4] In Plaintiff Beets's related case against Defendant (*see* Dkt. No. 22 (notice of related case)), brought in the Central District of California, Plaintiff Beets's counsel made similarly erroneous allegations in her pleading. *See* Complaint, *Beets v. T-Mobile USA, Inc.*, No. C24-9344 (C.D. Cal. Oct. 29, 2024), Dkt. No. 1. In that case, Plaintiff Beets listed Anne Fry as a co-plaintiff. *Id.* at 1. When T-Mobile advised Plaintiff Beets that it had no record that Fry had ever been a T-Mobile customer and requested that Plaintiff Beets provide evidence demonstrating that she was, "Plaintiff's counsel instead represented to the Court that they would dismiss Ms. Fry as a plaintiff and withdraw her claim." Dkt. No. 25 (Buckley Decl.) ¶ 8. Such conduct demonstrates a "'shoot first, and ask questions later' mentality that is unbecoming of counsel and not conducive to the goals of Rule 11." *NAS Sur. Grp. v. Cooper Ins. Ctr., Inc.*, 617 F. Supp. 2d 581, 588 n.4 (W.D. Mich. 2007).